1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

2

3  Nathan Louis Lomax,                              Case No. 2:23-cv-01894-CDS-BNW

4              Plaintiff                            **Order Denying Applications to Proceed in**
                                                    **Forma Pauperis, Dismissing and**
5      v.                                           **Closing Case**

6  Gabriela Najera, et al.,

7              Defendants                           [ECF Nos. 4, 6]

8

9          Pro se plaintiff Nathan Louis Lomax brings this civil-rights action under 42 U.S.C. § 1983

10 to redress constitutional violations that he claims he suffered while incarcerated. ECF No. 1-1.  On

11 November 27, 2023, after Lomax filed an incomplete application to proceed *in forma pauperis*

12 ("IFP"), this court ordered him to file a fully complete IFP or pay the full $402 filing fee on or

13 before January 19, 2024. ECF Nos. 2, 3. The court warned Lomax the action could be dismissed if

14 he failed to file a fully complete IFP with all three documents or pay the full $402 filing fee for a

15 civil action by that deadline. ECF No. 3 at 2.  In response, Lomax submitted another incomplete

16 IFP.  ECF No. 4. On January 22, 2024, the court again ordered Lomax to file a fully complete IFP

17 or pay the full $402 filing fee on or before February 23, 2024. ECF No. 5. Lomax once again filed

18 an incomplete IFP. ECF No. 6. Since initiating this lawsuit, Lomax has filed three incomplete

19 IFPs each missing a financial certificate and inmate accounting statement for the previous six-

20 month period. *See* ECF Nos. 2, 4, 6.

21 **I.      Discussion**

22         District courts have the inherent power to control their dockets and "[i]n the exercise of

23 that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

24 *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss

25 an action based on a party's failure to obey a court order or comply with local rules. *See Carey v.*

26 *King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local

27 rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d

28 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether

to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a third order setting another deadline. But issuing a third order will only delay the inevitable and further squander the court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

## II.      Conclusion

It is therefore ordered that this action is dismissed without prejudice based on Lomax's failure to file a fully complete IFP or pay the full $402 filing fee in compliance with this court's November 27, 2023, and January 22, 2024, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Lomax wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

It is further ordered that the incomplete IFPs **[ECF Nos. 4, 6] are denied** without prejudice.

Dated: February 27, 2024

_____
Cristina D. Silva
United States District Judge